## IN RE ESTATE OF AUGUST ELOF JOHNSON.
## ISANTI INVESTMENT COMPANY v. IDA LOUISE JOHNSON.[1]

June 23, 1933.

No. 29,425.

*Harold L. Westin* and *Kyle & Kyle,* for appellant.
*Mark J. McCabe,* for respondent.

*HILTON, Justice.*

Plaintiff appeals from a judgment.

August Elof Johnson was the owner of 14 shares of stock in the First State Bank of Isanti. There was a double liability on all stockholders. It became necessary to remove the real estate from the assets of the bank by the formation of a holding corporation to purchase the same. Pursuant to a letter written to the stockholders of the bank, Johnson came to the bank, and the situation was explained to him. Soon thereafter a subscription list for such corporation was signed by 13 stockholders, 10 of whom became incorporators. Johnson subscribed for five shares but was not one of the incorporators. Plaintiff, Isanti Investment Company, was formed December 20, 1929, with a capital stock of $25,000, divided into 250 shares of $100 each. The subscriptions were for 168 shares, $16,800, the exact amount necessary to take out the real estate of

[1]Reported in 249 N. W. 670.

the bank as an asset. The subscriptions of the 10 incorporators amounted to $14,200; that of Johnson and the other two subscribers, who were not incorporators, amounted to $2,600.

The subscription agreement provided for the payment by each subscriber of 25 per cent of his subscription in cash and the balance in five equal annual payments. Johnson made his 25 per cent cash payment ($125) and received a stock certificate for one and a quarter shares. He made no other payments. After his death and on January 28, 1931, a claim was filed by plaintiff in probate court for the unpaid balance of the subscription with interest. At that time a tender was made of the three and three-quarters shares of stock. The probate court allowed the claim. On appeal to the district court, where a trial was had de novo, findings of fact and conclusions of law were made in favor of plaintiff. An application for amended findings, which do not affect the point here involved, was granted and new conclusions of law made in which judgment was ordered in favor of defendant. From a judgment so entered plaintiff's appeal is taken.

There is no showing that any sales of stock other than those above recited were attempted or made. The contention upon which defendant prevailed was that because the securities had not been registered as provided in 1 Mason Minn. St. 1927, §§ 3996-1 to 4000 (blue sky law) plaintiff could not recover. With this we do not agree. The primary purpose of the statute is to protect the public against imposition. It was not intended to make unlawful a sale without registration such as appears in this case. There was here nothing akin to a palpable effort to evade the law, nor was there a scheme calculated to despoil credulous individuals of their savings. It was not an "investment contract" within the contemplation of the statute. It was simply an arrangement made by and between stockholders of a bank, in their own and the bank's interests, to relieve the bank of unsound assets and at the same time protect their own interests therein. See generally State v. Gopher T. & R. Co. 146 Minn. 52, 177 N. W. 937; Hanneman v. Gratz, 170 Minn. 38, 211 N. W. 961; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 1125a, and cases cited.

The case is remanded with directions that the first conclusions of law made by the trial court be reinstated and judgment entered for plaintiff as therein provided.

Reversed.